**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KIRT P. DONATE** | * | **CIVIL ACTION NO. 24-2594** |
| **VERSUS** | * | **JUDGE ELDON E. FALLON** |
| **SMITH & NEPHEW, INC.** | * | **MAGISTRATE JUDGE** |
| | | **KAREN WELLS ROBY** |

\*    \*    \*    \*    \*    \*    \*    \*

**ORDER & REASONS**

Before the Court is a Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) filed by Plaintiff Kirt P. Donate. R. Doc. 12. Defendant opposes the motion. R. Doc. 13. Considering the record, briefing, and applicable law, the Court now rules as follows.

I.    **BACKGROUND & PRESENT MOTION**

This is a products liability action brought by Plaintiff Kirt P. Donate ("Donate") against Defendant Smith & Nephew, Inc. ("Smith & Nephew") which alleges that Smith & Nephew manufactured an unreasonably dangerous and defective knee replacement device. R. Doc. 1-3. Plaintiff originally filed this action in state court in September 2024, and Defendant timely removed the case on November 4, 2024. R. Doc. 1. A few weeks after filing its notice of removal, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). R. Doc. 7. Plaintiff did not oppose the motion, and Defendant filed a notice of no opposition on December 11, 2024 asking for all claims to be dismissed with prejudice. R. Doc. 8. The Court waited several weeks after the December 18, 2024 submission date to see if Plaintiff's counsel would request some kind of relief or otherwise prosecute this matter, and ultimately issued Plaintiff an order to show cause as to why this case should not be dismissed for lack of prosecution on January 30, 2025. R. Doc. 9. When the show cause response deadline of February 7, 2025 passed, the Court dismissed this case for

1

failure to prosecute pursuant to Fed. R. Civ. P. 41(b). R. Doc. 10. The Court duly entered judgment in Smith & Nephew's favor on February 11, 2025. R. Doc. 11.

Five months later, on July 25, 2025, Plaintiff moved this Court for relief from the February 2025 judgment because counsel engaged in mistake, inadvertence, and/or excusable neglect. R. Doc. 12; *see also* Fed. R. Civ. P. 60(b)(1) ("On motion and just terms, the court may relieve a party . . . from final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."). Specifically, Plaintiff's counsel submits that he "did not receive the [electronically served] pleadings and orders because his email address changed and counsel neglected to update his email address with the [CM/ECF] system." R. Doc. 12 at 2. In support of the proposition that courts find it preferable to dismiss suits on the merits, he cites to cases discussing default judgments entered against defendants who failed to respond to complaints. R. Doc. 12-1 at 2–3. He also argues that the Court should have dismissed this case without prejudice because lesser sanctions could have been imposed so as to prompt Plaintiff's diligent prosecution. *Id.* at 2.

Defendant opposes the motion, arguing that Plaintiff is not entitled to relief based on the facts present here. R. Doc. 13. First, Smith & Nephew argues that this district's local rules require attorneys to register and diligently update their CM/ECF account information. *Id.* at 3–4. Second, it analogizes the circumstances present here to those present in *Trevino v. City of Fort Worth*, 944 F.3d 567 (5th Cir. 2019). Defendants submit that in that case, the Fifth Circuit found that counsel has a duty of diligence to inquire about the status of the case, and that the carelessness of counsel does not justify disturbing a final judgment. *Id.* at 4–5. Smith & Nephew also avers that it sent Plaintiff's counsel a copy of its notice of removal via e-mail—which Plaintiff's counsel admits to receiving in his motion—in November 2024, and that Plaintiff's counsel failed to prosecute or

otherwise inquire about the status of this until July 2025, eight months after he knew this matter was removed. *Id.* at 1–2, 6.

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 60(b)(1) allows parties to obtain relief from judgments when they can demonstrate "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Fifth Circuit has found that a district court's "[d]enial of a Rule 60(b) motion to set aside a dismissal under clause (1) is not an abuse of discretion when the proffered justification for relief is the 'inadvertent mistake' of counsel." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356–57 (5th Cir. 1993). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Id.* at 357.

Further, "[t]he Supreme Court has explained that the determination of what sorts of neglect will be considered excusable is 'an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Trevino v. City of Fort Worth*, 944 F.3d 567, 571 (5th Cir. 2019) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). But this inquiry into excusable neglect "is not wholly open-ended." *Id.* "'[A] court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court.'" *Id.* (quoting *Edward H. Bohlin*, 6 F.3d at 357).

## III.    DISCUSSION

Plaintiff's counsel asks us to reopen this case because he failed to maintain an accurate and updated e-mail address in the Court's Pacer/CM/ECF system. R. Doc. 12. For the following reasons, the Court cannot grant him relief on this basis.

3

Defendant cited to a Fifth Circuit case that the Court finds highly relevant here. In *Trevino*, the Fifth Circuit affirmed a district court's denial of a motion for new trial because the plaintiffs did not show that they were entitled to relief under either Rule 59(e) or Rule 60(b). 944 F.3d at 570. There, the district court entered judgment in favor of the defendants after they moved to dismiss the case pursuant to Rule 12(b)(6) and plaintiffs did not respond. *Id.* The plaintiffs attributed their lack of response to the following: "(1) the case had been stayed, so it was not on their radar of active cases; (2) counsel mistakenly failed to register with the court's Case Management/Electronic Case Filing system; and (3) defective antivirus software diverted court emails to a spam folder." *Id.* Plaintiffs there "concede[d] that the failure to file was within Plaintiffs' counsel's 'reasonable control.'" *Id.*

In that case, Plaintiffs' counsel argued that the foregoing constituted the kind of excusable neglect that could allow the trial court to disturb the entry of final judgment. *Id.* at 571. The Fifth Circuit disagreed. *Id.* at 571–72. Noting that "[n]early a month passed before the district court granted the [defendant's] motion to dismiss," the circuit determined that "Plaintiffs had a duty of diligence to inquire about the status of their case." *Id.* at 571. Moreover, "counsel's carelessness with . . . local rules does not justify relief." *Id.* Taking everything into account, the Fifth Circuit found that "[t]he district court reasonably believed such behavior does not constitute excusable neglect." *Id.* at 572.

Plaintiff's counsel here faces a nearly identical predicament. He submits that he "was unaware" of all the documents filed in federal court after the case was removed "because his email address changed and counsel neglected to update his email address with the ECMF [sic] system." R. Doc. 12 at 1–2. Appealing to equitable considerations, he offers that he "has not filed any original matters in this or any federal court in the last 15 to 20 years" and that "counsel for plaintiff

is responsible but it would seem that if multiple emails aren't delivered, as often happens, that some tolerance may be shown to one who doesn't receive several emails eventhough [sic] it may be his fault." R. Doc. 12-1 at 1, 4. However, this is the precise kind of neglect that the Fifth Circuit has deemed inexcusable. "The Court need not alter its judgment after a party failed to respond to Court orders because of issues that were reasonably within the control of plaintiff's counsel." *Washington v. Walmart Inc.*, No. 24-892, 2025 WL 605104, at *2 (E.D. La. Feb. 25, 2025).

Rule 2 of this district's administrative procedures guide states that "[e]ach attorney has a continuing obligation to notify the Court of any changes in . . . email" and "[a]fter registration for ECF, attorneys are required to maintain their ECF accounts and to update the account promptly with any changes." *See* E.D. La. Admin. Proc. for Elec. Case Filings & Unique Procs. & Pracs. for Elec. Filings, Rule 2 at 1 (Mar. 2015). Plaintiff's counsel does not dispute that he is registered for ECF. Thus, like the plaintiffs' counsel in *Trevino* who admitted to failing to register with the CM/ECF system in violation of the local rules, Plaintiff's counsel here admits to failing to comply with the local rules that direct him to promptly update his account information when there are changes such as a new e-mail address. This rule is seemingly in place so that attorneys who practice in this district can avoid these exact situations. And overall, the Court here finds that "[c]arelessness with electronic communication is not excusable neglect within the meaning of [Rule 60(b)]." *Martin v. Am. Sugar Refin., Inc.*, No. 22-1296, 2022 WL 17155688, at *3 (E.D. La. Nov. 22, 2022).

The discussion as to Plaintiff's counsel's lack of compliance with the local rules is important because his lack of compliance with the local rule resulted in him violating a Court order. Plaintiff's counsel seemingly violated the Court order, in part, because he failed to update his e-mail address and thus did not receive a copy of the show cause order in his new e-mail's

inbox. But another factor contributed to his eventual violation of the show cause order—he also failed to diligently inquire about the status of this case, despite his awareness that it was removed to this Court. R. Doc. 12-1 at 3 (explaining that counsel for Smith & Nephew forwarded the notice of removal to Plaintiff's counsel's new e-mail address). Plaintiff's counsel does not dispute that he was aware Defendant removed this case to this Court. But noted in the Court's order dismissing the case for lack of prosecution, as of February 7, 2025, "Plaintiff ha[d] not filed anything *nor contacted the Court*." R. Doc. 10 (emphasis added). Now before the Court is a motion filed nearly eight months after removal—and this is presumably Plaintiff's counsel's first contact with the Court since removal. The Fifth Circuit cautions that parties have a "due diligence to inquire about the status of the case," and that duty forecloses a Court's ability to grant parties Rule 60(b)(1) relief when it finds that there has been "[g]ross carelessness" as well as "ignorance of the rules." *Trevino*, 944 F.3d at 571.

In sum, this Court cannot accept any of Plaintiff's counsel's proffered reasons for failing to comply with this Court's show cause order, oppose the motion to dismiss, or otherwise diligently prosecute this case. Had Plaintiff's counsel checked the Court's docket, called the Clerk of Court for assistance, or taken other similar action after his receipt of the notice of removal, he would have been aware of the pending motion to dismiss. Crucially, he failed to comply with a Court order, and courts abuse their discretion when they reopen cases when the parties, in carrying out their neglect, misapprehend the applicable law and rules of the court. *See Trevino*, 944 F.3d at 571. For these reasons, the Court cannot find that Plaintiff's counsel committed "excusable" neglect.

Finally, the Court will address Plaintiff's argument that this Court should not have dismissed this case with prejudice. R. Doc. 12-1 at 2–3. The Fifth Circuit "will affirm dismissals with prejudice for failure to prosecute only when (1) there is a clear record of delay or

contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). In most cases where the Fifth Circuit has affirmed a dismissal with prejudice, it "ha[s] found at least one of three aggravating factors: '(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct.'" *Campbell v. Wilkinson*, 988 F.3d 798, 802 (5th Cir. 2021) (quoting *Berry*, 975 F.2d at 1191).

Here, it is true that there is no evidence that Donate himself caused the delay, nor intentional conduct on behalf of counsel, nor evidence of actual prejudice to the defendant. There is, however, evidence that the entry of lesser sanctions would have proved to be futile. The Court attempted to reengage Plaintiff in the prosecution of this suit when it issued the order to show cause. R. Doc. 9. However, any lesser sanctions would have been futile because, regardless of whether this Court dismissed this matter with or without prejudice, Plaintiff's counsel would not have received an e-mail notification into his new e-mail inbox. Moreover, a dismissal without prejudice would not have allowed Plaintiff's counsel to refile because the statute of limitations tolled on his claim prior to entry of final judgment in this case, and because Plaintiff's counsel was not inspired to inquire as to the status of this case until, presumably, July 2025, when he filed the instant motion for relief. Therefore, considering the totality of the circumstances, the Court declines to disturb its judgment.

## IV.   CONCLUSION

Considering the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Relief from Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) is hereby **DENIED**.

New Orleans, Louisiana, this 6th day of October, 2025.

THE HONORABLE ELDON E. FALLON